## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WASHINGTON D.C.

| | |
|---|---|
| NECOLE ALLEN, a resident of 9586 Linnett Hill Dr., Lorton, VA 22079<br><br>Plaintiff,<br><br>v.<br><br>TRACEY TURNER, a resident of 2901 North Capital Street, NE Washington, DC 20002,<br><br>and<br><br>TURNER DEVELOPMENT LLC, a Washington D.C. limited liability corporation with the registered address 2901 North Capital Street, NE Washington, DC 20002<br><br>Defendant. | Case: 1:22-cv-01909  JURY DEMAND<br>Assigned To : Bates, John D.<br>Assign. Date : 7/1/2022<br>Description: Contact (M-DECK)<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF** |

COMES NOW Plaintiff Necole Allen, *pro se*, files her complaint for damages and other relief (the "Complaint") against Defendants Tracey Turner ("Tracey") and Turner Development LLC ("Turner Development") (collectively "Defendants"), and hereby states as follows:

### SUBSTANCE OF THE ACTION

Necole Allen is suing Defendants for conduct arising from Turner Development's breach of an underlying agreement after Necole Allen provided Turner Development the key funding it needed to purchase 195.3 acres of property located at 1001 Old Aiken Rd. North Augusta, South Carolina 29841 (the "Property"). In exchange for providing Turner Development with $100,000.00 to aid in securing the Property, Turner Development, through its sole owner Tracey Turner, was obligated to pay Necole Allen $100,000.00 on August 1, 2021 and $100,000 on

1

**RECEIVED**

JUL 0 1 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

March 1, 2022. To date, Turner Development has made no payments on the outstanding obligation. On information and belief, TDI and Tracey are holding hostage the payments owed to Necole Allen in hopes of securing better deals and more funding from future business dealings associated with the Property. On further information and belief, since the agreement between Necole Allen and Turner Development was never secured by the Property at the time of purchase, Turner Development and Tracey have intentionally hidden this information from potential investors in an effort to deceive said investors and obtain funding for developments to the Property with no intention to fulfill other outstanding contractual obligations. Necole Allen now seeks to recover the payments owed while providing notice of Tracey and Turner Development's obligations to Necole Allen to Defendants' potential investors.

## PARTIES

1. Necole Allen who resides in a principal residence in Lorton, VA.

2. Turner Development LLC is a sole-membership limited liability company with its principal place of business at 2901 North Capital Street, NE Washington, DC 20002. Turner Development's sole member resides in Washington D.C.

3. Tracy Turner is an individual currently residing in Washington D.C.

## JURISDICTION AND VENUE

4. This Court has federal diversity jurisdiction pursuant to 28 U.S. Code § 1332. Both Tracey and Turner Development are citizens of the District of Columbia. Necole Allen is a citizen of Virginia. The amount in controversy exceeds $75,000.

5. This Court also has subject matter jurisdiction over the related South Carolina state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6. This Court has personal jurisdiction over Defendants because they have extensive contacts with and regularly conduct business within the District of Columbia and this judicial district; Turner Development was incorporated in this judicial district; Tracey is a resident of this judicial district; and Defendants have caused their products and/or services to be advertised, promoted, and sold in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants have extensive contacts with and regularly conduct business within the District of Columbia and this judicial district; Turner Development was incorporated in this judicial district; Tracey is a resident of this judicial district; and Defendants have caused their products and/or services to be advertised, promoted, and sold in this judicial district.

## FACTUAL BACKGROUND

8. In January of 2021, Tracey contacted Necole Allen to discuss a development opportunity on 195.3 acres of property located at 1001 Old Aiken Rd. North Augusta, South Carolina 29841 (the "Property").

9. Tracey admitted that he was an amateur property developer that had never taken on a development project of this size.

10. Tracey represented to Necole Allen that the property was valued well over $1.5 million and that he was acquiring the property at $1.2 million for instant equity.

11. Tracey represented to Necole Allen that he did not have $1.2 million to purchase the Property and would need to borrow the money from investors.

12. Tracey represented to Necole Allen that he wanted to buy the Property to develop single family homes, apartment homes, retail space, and other multi-use facilities.

13. Tracey represented to Necole Allen that he needed to buy the property now or else others would try to take the deal out from under him.

14. Tracey represented that purchasing the Property was a "no lose" opportunity because the land would instantly increase in value due to its newly discovered residential zoning status and the various development opportunities that are now present because of the residential zoning.

15. Tracey requested that Necole Allen invest $100,000 or more with Turner Development so that the company could purchase the Property.

16. On February 5, 2021, Turner Development, through Tracey, entered a binding Promissory Note (the "Contract") with Necole Allen. *See* Contract attached as **Exhibit A**.

17. Also on February 5, 2021, Turner Development, through Tracey, entered a binding Addendum to Promissory Note (the "Addendum") with Necole Allen. *See* Addendum attached as **Exhibit B**.

18. The Contract detailed Necole Allen's principal payment to Turner Development in the amount of $100,000 (the "Principal Payment").

19. In exchange for the Principal Payment, Turner Development agreed to repay $100,000 to Necole Allen on or before August 1, 2021 (the "Principal Maturity Date").

20. Also in exchange for the Principal Payment, Turner Development further agreed to pay Necole Allen an interest payment in the amount of $100,000 (the "Interest Payment") on or before March 1, 2022 (the "Interest Maturity Date").

21. Tracey represented that he would make sure Necole Allen received both the Principal and Interest Payments.

22. Tracey represented that if he had to, he would personally pay the Principal and Interest Payments to ensure on time payment.

23. Tracey further represented that in the worst-case scenario, Tracey would sell the Property at a profit to ensure that Necole Allen received both the Principal and Interest Payments.

24. Turner Development failed to pay the Principal Payment by the Principal Maturity Date.

25. Turner Development failed to pay the Interest Payment by the Interest Maturity Date.

26. Tracey knew that he could not purchase the Property without additional funding from Necole Allen and other investors.

27. Upon information and belief, Tracey also obtained funding from another investor doing business in Florida (the "Florida Investor").

28. Upon information and belief, Tracey was obligated to disclose the Contract to the Florida Investor.

29. Upon information and belief, Tracey never informed the Florida Investor about the Contract.

30. Tracey repeatedly informed Necole Allen that Tracey would pay them the money that was due.

31. After Tracey failed to pay the Principal Payment by the Principal Maturity Date, Tracey verbally promised to pay the Principal Payment by December 1, 2021.

32. Neither Tracey nor Turner Development paid the Principal Payment by December 1, 2021.

33. After Tracey failed to pay the Principal Payment by December 1, 2021, Necole Allen informed Defendants of their failure to abide by the terms of the Contract in January 2022.

34. Tracey then verbally promised to pay the Principal Payment by January 31, 2022.

35. Neither Tracey nor Turner Development paid the Principal Payment by January 31, 2022.

36. After Tracey failed to pay the Principal Payment by January 31, 2022, Necole Allen informed Defendants of their failure to abide by the terms of the Contract in February 2022.

37. Tracey verbally, via email and text messages, made promises to pay the Principal Payment by February 28, 2022.

38. Neither Tracey nor Turner Development paid the Principal Payment by February 28, 2022.

39. After Tracey failed to pay the Principal Payment by February 28, 2022, Tracey verbally and via text messages made promises to renegotiate an extension on both the Principal and Interest Payments.

40. While the Necole Allen attempted to negotiate an extension in good faith, Tracey ceased communication with Necole Allen.

41. As of the date of this Complaint, Turner Development and Tracey have paid neither the Principal Payment nor the Interest Payment.

42. Upon information and belief, Tracey has received numerous market value and better than market value offers to purchase the Property.

43. Upon information and belief, Tracey has received numerous reasonable offers to joint venture to develop the Property.

44. Rather than pursue deals that would make Tracey's investor's whole, Tracey is merely interested in personal gain.

45. Despite having represented that Tracey would make sure Necole Allen received timely payments, Tracey turned down multiple offers to sell or develop the land, which would have provided funding to pay the Principal and Interest Payments.

46. After multiple requests, Tracey has not repaid the Principal and Interest Payments.

47. Tracey has no desire to fulfill the obligations of the Contract.

48. As a result of Tracey's and Turner Development's conduct, Necole Allen has lost (and continues to lose) goodwill, business opportunities related to other real estate development projects, and market interest.

## COUNT ONE
**(South Carolina Unfair Trade Practices, S.C. Code Ann. § 39-5-10, *et seq.*)**

49. Necole Allen incorporates the allegations contained in paragraphs 1 through 48 as if fully restated herein.

50. Defendants' actions described above and specifically, without limitation, Defendants' refusal to pay the Principal and Interest Payments, Defendants' failure to

disclose Necole Allen to subsequent investors, Defendants' intentional evasive conduct towards Necole Allen, and Defendants misrepresentations as to when Defendants would pay the Principal and Interest Payments, constitute unfair or deceptive acts in the conduct of trade or commerce. The Defendants' unfair or deceptive acts have affected the public interest by deceiving potential investors out of their money with no intention to repay. Necole Allen has suffered monetary loss of business opportunities and subsequent investments through the Defendants' unfair or deceptive acts, all in violation of the laws of the State of South Carolina.

51. By these unfair or deceptive actions, Defendants have engaged in deceptive and unfair trade practices in violation of S.C. Code Ann. § 39-5-10, *et seq.*, and, as a result, Necole Allen has suffered and will continue to suffer monetary damage as well as damage to its business, reputation, and goodwill.

52. As a direct and proximate result of Defendants' willful, knowing, and intentional actions, Necole Allen has suffered damages in an amount to be determined at trial and Necole Allen will continue to suffer irreparable damage.

53. The actions of Defendants described above were and continue to be deliberate and willful, and in bad faith. Necole Allen is also entitled to recover the costs of this action. *See* S.C. Code Ann. § 39-5-140.

## COUNT TWO
### (Breach of Contract)

54. Necole Allen incorporates the allegations contained in paragraphs 1 through 53 as if fully restated herein.

55. Defendants entered into the enforceable, written Contract.

56. Defendants have blatantly and willfully breached the Contract by failing to pay the Principal and Interest Payments.

57. Defendants have ignored Necole Allen's notice to Defendants of their breach of the Contract and Necole Allen's demands for the Principal and Interest Payments.

58. As a result of this breach, Necole Allen has been and continues to be damaged in an amount to be proven at trial, including interest, costs, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Necole Allen respectfully prays for:

59. A judgment in favor of Necole Allen on all counts of the Complaint;

60. An order and judgment that Defendants pay the Principal and Interest Payments ($200,000.00);

61. Actual damages, including the costs of this lawsuit, suffered by Necole Allen as a result of Defendants' unlawful conduct;

62. An award of interest to Necole Allen, including pre-judgment and post-judgment interest, on the foregoing sums; and

63. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

64. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Necole Allen respectfully requests a trial by jury of all issues properly triable by jury.


Respectfully submitted this 1st day of July, 2022.

Respectfully submitted this 1st day of July, 2022.

*Necole Allen* (signature)

Necole Allen
9586 Linnett Hill Drive
Lorton, VA 22079
Phone: (703) 864 – 7623
Email: necole333@yahoo.com